UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATMAH ALJAHMI,                                    **DEMAND FOR JURY TRIAL**
    Plaintiff,

v.

ABILITY RECOVERY SERVICES, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, FATMAH ALJAHMI, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendant, pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Dearborn, Wayne County, Michigan.

5. Defendant is Ability Recovery Services, LLC, which, upon information and belief, is a Pennsylvania company that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer debt in the amount $1,273.00 allegedly owed to Penn Foster ("the alleged Debt").

7. On May 24, 2017, Ms. Aljahmi obtained her credit files and noticed that Defendant reported the alleged Debt.

8. On or about August 8, 2017, Ms. Aljahmi submitted a letter to Defendant disputing the alleged Debt.

9. As of the date of this Complaint, Defendant has not responded to Ms. Aljahmi's dispute letter.

10. On November 2, 2017, Ms. Aljahmi obtained her Equifax and Trans Union credit files and noticed that Defendant failed to flag the alleged Debt as disputed on both credit files, in violation of the FDCPA.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Ms. Aljahmi is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by failing to communicate that a disputed debt is disputed. Defendant did this when it continued to report the alleged Debt on Ms. Aljahmi's Equifax and Trans Union credit files without indicating that she disputed the alleged Debt.

16. Ms. Aljahmi has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.

18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Ms. Aljahmi is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Ms. Aljahmi has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Ms. Aljahmi is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Ms. Aljahmi has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                                          Respectfully submitted,

Dated: November 20, 2017      /s/ Gary Nitzkin
                                       GARY D. NITZKIN (P41155)
                                       CARL SCHWARTZ (P70335)
                                       CREDIT REPAIR LAWYERS OF AMERICA
                                       Attorneys for Plaintiff
                                       22142 West Nine Mile Road
                                       Southfield, MI 48033
                                       (248) 353-2882
                                       Fax (248) 353-4840
                                       Email – gary@crlam.com