UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATMAH ALJAHMI,
    Plaintiff,

v.

    Case No. 2:17-cv-13772-MOB-DRG
    Hon. Marianne O. Battani
    Mag. David R. Grand

ABILITY RECOVERY SERVICES, LLC,
    Defendant.
_____

## PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT

NOW COMES the Plaintiff, FATMAH ALJAHMI, by and through her counsel, and moves for an entry of default judgment against Defendant and, in support thereof, states as follows:

Plaintiff relies upon the accompanying brief in support of her motion.

WHEREFORE, Plaintiff requests this Court to enter default judgment in the amount of $21,000 against Defendant, plus costs and attorney's fees. In the alternative, Plaintiff requests this Court to enter default judgment against Defendant and schedule an evidentiary hearing on the issue of damages.

    Respectfully submitted,

Dated: October 2, 2019    /s/ Gary D. Nitzkin
    GARY NITZKIN (P41155)
    CREDIT REPAIR LAWYERS OF AMERICA
    Attorneys for Plaintiff

22142 West Nine Mile Road  
Southfield, MI 48033  
Email – gary@crlam.com  
(248) 353-2882  
Fax (248) 353-4840  

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATMAH ALJAHMI,
    Plaintiff,

v.

                              Case No. 2:17-cv-13772-MOB-DRG
                              Hon. Marianne O. Battani
                              Mag. David R. Grand

ABILITY RECOVERY SERVICES, LLC,
    Defendant.
_____

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT**

## ISSUES PRESENTED

Whether this Court should enter a default judgment against Defendant.

5

## MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 55(b)(2)

## STATEMENT OF FACTS

### 1. **Procedural Background**

Plaintiff filed the complaint for the above-captioned matter on November 21, 2017 and this Court issued a summons for Defendant on the same day. (Doc #1, 2.) As a result of Defendant's failure to timely answer or otherwise respond to the complaint, Plaintiff requested this Court to enter default against Defendant on July 19, 2018. (Doc #10.) This Court entered default against Defendant on the same day. (Doc #11.) Plaintiff served the request for default to Defendant on July 20, 2018. (Doc #13.)

Plaintiff filed a motion for default judgment against Defendant on December 13, 2018. (Doc #14.) On December 19, 2018, via text-only order, this Court ordered Plaintiff to file a certificate of service of the motion for default judgment with the complete mailing address of Defendant. The same day, Plaintiff filed a certificate of service of the motion for default judgment, but inadvertently failed to include Defendant's mailing address. (Doc #17.) On September 10, 2019, this Court denied Plaintiff's motion for default judgment because Plaintiff's proof of service was insufficient. (Doc #18.) Plaintiff did not realize that she inadvertently failed to include Defendant's mailing address in the proof of service until this Court issued its order denying Plaintiff's motion for default judgment.

Plaintiff now files her renewed motion for default judgment.

### 2. **Allegations in the Complaint**

Defendant is attempting to collect a consumer debt in the amount $1,273.00 allegedly owed to Penn Foster ("the alleged debt"). (Doc #1, ¶ 6.) On May 24, 2017, Plaintiff obtained her credit files and noticed that Defendant reported the alleged debt. (Doc #1, ¶ 7.) On or about August 8, 2017, Plaintiff submitted a letter to Defendant disputing the alleged debt. (Doc #1, ¶ 8.) As of the date of the Complaint, Defendant has not responded to Plaintiff's dispute letter. (Doc #1, ¶ 9.) On November 2, 2017, Ms. Aljahmi obtained her Equifax and Trans Union credit files and noticed that Defendant failed to flag the alleged Debt as disputed on both credit files, in violation of the FDCPA. (Doc #1, ¶ 10.) Plaintiff has suffered economic and emotional damages as a result of Defendant's actions. (Doc #1, ¶ 16.)

## STANDARD OF REVIEW

The standard of review for motions for default judgment is well-established:

> Pursuant to Federal Rule of Civil Procedure 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). Once a default has been entered by the clerk's office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. Once a default is obtained, the party may then file for a default judgment by the clerk or by the court. FED. R. CIV. P. 55(b). If the plaintiff's well-pleaded allegations are sufficient to support a finding of liability as to the defendant on the asserted claims, then the Court should enter a judgment in favor of the plaintiff. Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion"

> when determining whether to enter the judgment. After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded.

*Jefferson v. United Car Co., Inc.*, No. 14-cv-13749, 2015 WL 7208160, at *2 (E.D. Mich. June 11, 2015) (citations omitted).

## LAW & ARGUMENT

By virtue of Defendant's default, the factual allegations in the complaint are now deemed admitted. *Jefferson, supra*; see also *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ("[w]hen a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true").

The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from using false representations or deceptive means to collect a debt. The standard for determining whether a debt collector made misrepresentations that violate the FDCPA is whether the "least sophisticated consumer" would be misled by the representations.

> To determine whether conduct fits within the broad scope of the FDCPA, the conduct is viewed through the eyes of the "least sophisticated consumer." This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices.

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (citation omitted).

Defendant violated the FDCPA. Plaintiff submitted a letter to Defendant disputing the alleged debt. (Doc #1, ¶ 8.) However, Defendant never reported the account as disputed, as evidenced in Plaintiff's credit files with Equifax and Trans Union approximately three months after Defendant received Plaintiff's dispute letter. (Doc #1, ¶ 10.) Therefore, Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA, which prohibits debt collectors from failing to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

Plaintiff claims actual damages in the form of emotional distress as a result of the Defendant's violations of the FCRA. (Doc #1, ¶¶ 16, 21, 27.) Damages recoverable under the FDCPA include emotional distress. *McCollough v. Johnson, Rodenberg & Launinger, LLC*, 637 F.3d 939 (9th Cir. 2011). In *McCollough*, the Ninth Circuit upheld an award of $250,000 for emotional distress damages awarded for violations of the FDCPA. *McCollough*, 637 F.3d at 957-58. In another case, the Ninth Circuit held that "[the plaintiff's] testimony alone is enough to substantiate the jury's award of emotional distress damages." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (upholding an award of emotional distress damages of either $223,155 or $123,155). *See also Green v. Nationwide Arb. Servs., LLC*, No. 14-cv-14280, 2015 WL 7717165, at *2 (E.D. Mich. Nov. 30, 2015)

(awarding the plaintiff $35,000 in emotional distress damages for FDCPA claim). Plaintiff also claims statutory damages in the amount of $1,000 under the FDCPA. 15 U.S.C. § 1692k(a)(2)(A). Plaintiff also claims that Defendant willfully violated the Michigan Occupational Code ("MOC") and Michigan Collection Practices Act ("MCPA"). (Doc #1, ¶¶ 22, 28.) Defendant's willful violations of the MOC and MCPA may result in an additional civil penalty of treble damages or $150, whichever is greater, plus costs and attorney's fees. M.C.L. §§ 339.916(2); 445.257(2).

Based on the foregoing, Plaintiff requests this Court to enter default judgment in the amount of $5,000 for actual damages, $1,000 in statutory damages under the FDCPA and $15,000 in statutory treble damages under the MOC and/or MCPA, for a total of $21,000 in damages, plus costs and attorney's fees that Plaintiff will seek pursuant to Fed. R. Civ. P. 54(d). In the alternative, and pursuant to Fed. R. Civ. P. 55(b)(2)(B), Plaintiff requests this Court to schedule an evidentiary hearing as to determine the amount of Plaintiff's damages.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to enter judgment against Defendant in the amount of $21,000, plus costs and attorney's fees. In the alternative, Plaintiff requests this Court to schedule an evidentiary hearing as to determine the amount of Plaintiff's damages.

                    Respectfully submitted,

Dated: October 2, 2019      /s/ Gary D. Nitzkin
GARY NITZKIN (P41155)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Email – gary@crlam.com
(248) 353-2882
Fax (248) 353-4840

## Proof of Service

I, Gary D. Nitzkin, hereby state that on October 2, I served a copy of the within pleading upon Defendant at 3 Abbot Ln. Dearborn, MI 48120 by first-class mail.

/s/ Gary D. Nitzkin