UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATMAH ALJAHMI,

                    Plaintiff,           Case No. 2:17-cv-13772
                                        Honorable Marianne O. Battani
v.                                        Magistrate Judge David R. Grand

ABILITY RECOVERY SERVICES, LLC,

                    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT [19]**

**I.    RECOMMENDATION**

Before the Court is Plaintiff Fatmah Aljahmi's renewed motion for entry of default judgment against Defendant Ability Recovery Services, LLC (ECF No. 19), which was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 20). Despite having been served with process on October 2, 2019 (ECF No. 19), Defendant has not appeared in this matter, nor has it filed a response to Plaintiff's renewed motion.

For the following reasons, the Court **RECOMMENDS** that Plaintiff's renewed motion for entry of default judgment **(ECF No. 19)** be **GRANTED**, and that the Court hold an evidentiary hearing to determine the appropriate amount of damages, attorneys' fees and costs to award.

**II.    REPORT**

    **A.    Background**

Since Defendant has not appeared or otherwise responded in this action, for purposes of this motion all of Plaintiff's alleged facts in the complaint are taken as true. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visoneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

At the heart of this case is a disputed consumer debt in the amount of $1,273.00 that Plaintiff allegedly owed to Penn Foster, an on-line education company, and which Defendant had been attempting to collect. (ECF No. 19, PageID.45.) On May 24, 2017, Plaintiff obtained her credit files, and noticed the alleged debt. (*See id*.) Plaintiff submitted a letter of dispute to Defendant on or about August 8, 2017. (*See id*.) Defendant did not respond to the letter, and did not report the debt as disputed to credit agencies. (*See id*.

On November 21, 2017, Plaintiff commenced this action against Defendant seeking damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(8), 1692k(a)(2)(A), the Michigan Occupational Code ("MOC"), M.C.L. §§ 339.916(2); and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.257(2). Plaintiff asserts that she is entitled to emotional distress damages as well as statutory damages in the amount of $1,000.00 under the FDCPA. (*See id*. at PageID.47-48); *see* 15 U.S.C.§ 169k(a)(2)(A); *see also Green v. Nationwide Arb. Servs*., LLC, No. 14-cv-14280, 2015 WL 7717165, at *2 (E.D. Mich. Nov. 30, 2015). Plaintiff further asserts that she is entitled to a civil penalty of treble damages or $150, whichever is greater, pursuant to M.C.L. § 339.916(2) and M.C.L. § 445.257(2). (ECF No. 19, PageID.48.) She also asserts she is entitled to attorneys' fees and costs. *See* 15 U.S.C. § 169k(a)(3). In her instant renewed motion for default judgment, Plaintiff seeks the entry of a judgment against Defendant in the amount of $21,000.00, plus costs and attorneys' fees, or, in the alternative, an evidentiary hearing to determine the amount of damages. (*See id*.)

Plaintiff served Defendant with copies of the summons and amended complaint on November 21, 2017. (ECF No. 2.) On July 19, 2018, the Clerk entered default against Defendant, pursuant to Fed. R. Civ. P. 55(a), for its failure to respond to the summons and complaint. (ECF No. 11.) On December 13, 2018, Plaintiff filed a motion for entry of default judgment against

2

Defendant.  (ECF No. 16.)  The Court denied Plaintiff's motion because she failed to file a proper proof of service.  (ECF No. 18.)  Thereafter, on October 2, 2019, Plaintiff filed her instant renewed motion for default judgment with a proof of service that corrected the prior deficiency.  (ECF No. 19.)  Defendant has not responded to this motion.  Having reviewed the relevant briefing and pleadings, the Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f)(2).

      **B.**      **Legal Standards**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default has been entered, the party seeking relief from the defaulting party may apply for a default judgment.  *See* Fed. R. Civ. P. 55(b).  An application for a default judgment may be made to the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . ."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Unless the party against whom a default judgment is sought is a minor or incompetent, notice of the motion is not required.  *See* Fed. R. Civ. P. 55(b)(2).

Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, case law indicates that the Court must exercise "sound discretion" when determining whether to enter a judgment.  *State Farm Bank v. Sloan*, 2011 WL 2144227, *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* §2685 (3d ed. 1998).  As set forth above, once a default is entered, well-pleaded allegations in the plaintiff's complaint, except those pertaining to the amount of damages, are taken as true.  *Alfa Corp. v. Alfa Mortgage, Inc.*, 560 F. Supp. 2d 1166, 1174 (M.D. Ala. 2008) (citing *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975));

3

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see also Trice v. Lake & County Real Estate*, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.")). Nevertheless, the Court still has an obligation to assess whether the factual allegations are legally sufficient to state the alleged cause of action. *See In re Industrial Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("While a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action …. [I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

    **C.**    **Analysis**

        *1.*    *Jurisdiction*

Before entering a default judgment, the Court must determine whether it has jurisdiction over the case and the parties. *See Ford Motor Co.*, 441 F. Supp. 2d at 845. Here, the Court has both subject matter jurisdiction and personal jurisdiction over Defendant. Plaintiff has sufficiently alleged federal question jurisdiction, as her claims allege violations of the Fair Debt Collection Protection Act. (ECF Nos. 1, 19). The Court must also "determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co.*, 441 F. Supp. 2d at 845. The Court concludes that it has personal jurisdiction over the Defendant because Defendant is a Michigan corporation, doing business in Dearborn, Michigan. (ECF No. 19, PageID.49.)

4

### 2.  *Liability and Actual Damages*

As outlined above, Ability Recovery Services, LLC has, by default, admitted all well-pleaded allegations of Plaintiff's complaint.  The Court finds that the allegations set forth in Plaintiff's complaint, as discussed in detail above, are sufficient to establish that Defendant violated (1) the FDCPA by failing to report Plaintiff's alleged debt as disputed pursuant to 15 U.S.C. § 1692e(8), and (2) the MOC and the MCPA by failing to implement a procedure designed to prevent a violation by an employee pursuant to MCL §§ 339.915(q), 445.252(q).  Moreover, Plaintiff has been (and continues to be) prejudiced by Defendant's failures.

The actual damages owed to Plaintiff are not susceptible to precise enumeration at this point, however, because Plaintiff has not submitted evidence or testimony supporting her claim of emotional damages.  Therefore, an evidentiary hearing to determine the amount of actual damages is necessary.

### 3.  *Statutory Damages*

As Plaintiff points out, the FDCPA also calls for statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).  However, Plaintiff also asserts that due to Defendant's willfulness, she is entitled to an additional civil penalty of treble damages or $150, whichever is greater under Michigan law.  *See* M.C.L.§§ 339.916(2); 445.257(2).  An evidentiary hearing will aid in determining the willfulness of Defendant's conduct, and therefore the amount of any civil penalty or treble damages to be awarded.  Thus, an evidentiary hearing is necessary to determine the amount of statutory damages.

### 4.  *Attorneys' Fees and Costs*

The FDCPA also entitles the prevailing party to "the costs of the action, together with reasonable attorneys' fees as determined by the court." *See* 15 U.S.C. §169k(a)(3).

The starting point for calculating reasonable attorneys' fees award "should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his [or her] court-ascertained reasonable hourly rate." *See Zontini v. Merchants Recovery Svc., et al.*, 12-14912, 2013 WL 5640125 (E.D. Mich. Oct. 15, 2013)(citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *See Hensley*, 461 U.S. at 433. Then, the court should consider other factors, such as:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See Zontini* at *1(citing *Hensley*, 461 U.S. at 430).

Plaintiff has not submitted contemporaneous time and billing records for her attorneys' work. (ECF No. 19.) As such, her attorneys' fees and costs are not susceptible of precise enumeration at this point, and an evidentiary hearing is necessary.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Renewed Motion for Entry of Default Judgment **(ECF No. 19)** be **GRANTED**. **IT IS FURTHER RECOMMENDED** that the Court hold an evidentiary hearing in this matter to determine the amount of actual damages, statutory damages, and attorneys' fees and costs to be included in the judgment.

| | |
|---|---|
| Dated: April 13, 2020<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

Dated: April 13, 2020