UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FATMAH ALJAHMI, | |
| Plaintiff, | Case No. 17-cv-13772 |
| v. | SENIOR U. S. DISTRICT JUDGE ARTHUR J. TARNOW |
| ABILITY RECOVERY SERVICES, LLC, | U.S. MAGISTRATE JUDGE DAVID R. GRAND |
| Defendant. | |

_____/

**ORDER GRANTING PLAINTIFF'S DEFAULT JUDGMENT DAMAGE AWARD**

On November 21, 2017, Plaintiff Fatmah Aljahmi commenced this action against Defendant Ability Recovery Services, LLC seeking damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(8), 1692k(a)(2)(A), the Michigan Occupational Code ("MOC"), M.C.L. §§ 339.916(2), and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.257(2). Plaintiff claims that Defendant has failed to respond to her letter disputing an alleged consumer debt in the amount of $1,273.00. (ECF No. 19). Defendant additionally failed to respond to this suit when filed. (ECF No. 11). As a result, Plaintiff's Motion for Default Judgment [19] was granted on July 20, 2020. (ECF No. 22). On, July 29, 2021, the

Court held an evidentiary hearing to determine the amount of damages Plaintiff is entitled to. For the reasons stated below, and on the record, the Court **AWARDS** Plaintiff $21,000 in damages under FDCP, MOC, and MCPA.

## Factual Background

Plaintiff Fatmah Aljahmi testified in this Court regarding her alleged damages. Plaintiff is a former nursing student. She claims that in her last year of nursing school she applied for a student loan to help her pay for tuition but was denied due to having a poor credit score. Ms. Aljahmi then checked her credit report and noticed a debt from Defendant Ability Recovery Services, LLC. She claims that, unbeknownst to her, this debt had significantly impacted her credit score. She disputed the charge with Defendant, however, Defendant never responded and failed to report the debt as disputed on her credit report. Plaintiff cannot confirm whether the debt has now been removed.

Aljahmi states that as a result of her poor credit score, she was forced to withdraw from nursing school. Without financial support, she has not been able to re-enroll. She further alleges that she has been unable to receive an auto loan to purchase a car and instead relies on rides from others and rental cars for transportation. Finally, Plaintiff alleges that she has been prevented from acquiring a mortgage loan to purchase a home. She seeks the following in damages as a result

of Defendant's violations: $5,000 in actual damages and $1,000 in statutory damages under FDCPA, and $15,000 in statutory treble damages under MOC and MCPA, totaling $21,000, plus costs and attorney fees. (ECF No. 19).

## LEGAL STANDARD

"Having suffered an entry of default, Defendants' liability is established." *Thompson v. Rosenthal*, No. 14-cv-37, 2014 WL 7185313, at *1 (S.D. Ohio Dec. 16, 2014) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–111 (6th Cir. 1995)); *see also* (ECF No. 22). "The plaintiff, however, must still establish the proper amount of damages to be awarded." *Thompson*, 2014 WL 7185313, at *1. Rule 55(b)(2) authorizes the Court to conduct a hearing to "determine the amount of damages" and "establish the truth of any allegations by evidence." FED. R. CIV. P. 55(b)(2)(B), (C).

If a debt collector is found to have violated the FDCPA, a court may award "any actual damage sustained by such person as a result of such failure" and "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1) & (a)(2)(A). "Courts in this Circuit generally allow recovery for emotional distress damages under the FDCPA." *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d. 968, 971 (N.D. Ohio 2008). Section 1692k(b) provides that in determining the amount of

damages to award, the Court must consider "among other relevant factors," "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b).

Section 339.916 of the MOC provides:

(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for damages or other equitable relief.

(2) If the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful [sic] violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater and shall award reasonable attorney's fees and court costs incurred in connection with the action.

Section 257 of the MCPA provides:

(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.

(2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful [sic] violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

Here, the "misconduct for which Defendant[] have been adjudged liable is the same for each cause of action, so [Aljahmi's] request for compensatory damages under the FDCPA and the [MOC and MCPA] will be discussed together." *Thompson*, 2014 WL 7185313, at *2.

## ANALYSIS

The Court finds that Aljahmi's testimony supports her request for $5,000 in actual damages. She suffered emotional harm from being forced to leave nursing school, live without a vehicle for a significant period of time, and prevented from buying a home. Further, the disputed debt's impact on her credit score occurred due to no fault of her own. $5,000 in actual damages will reasonably and adequately compensate this harm.

With no contrary evidence offered by Defendant regarding its conduct, the Court can only find that Ability Recovery Services, LLC, acted intentionally in charging her with an incorrect debt and failing to report it as disputed after Plaintiff informed it as so. Thus, Plaintiff is entitled to treble damages under the MOC and/or MCPA of $15,000. Together with the $5,000 FDCPA actual damages award and the $1,000 FDCPA statutory award, the Court enters a default judgment in the amount of $21,000 plus costs and fees, which can be determined after Plaintiff submits an appropriate request.

Aljahmi has yet to submit any information as to her request for attorney fees and costs. Thus, she may now submit an attorney fee/cost request, properly supported by affidavits and billing records. The amount awarded on that request will be added to the damage award.

**IT IS ORDERED** that default judgment be entered in the amount of $21,000.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to recover for costs and fees, she will submit an attorney fee/cost request, properly supported by affidavits, billing records, and any other appropriate documentation, within 21 days of the entry of this Order.

**SO ORDERED**.

Dated: August 6, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge