UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FATMAH ALJAHMI**,<br><br>Plaintiff,<br><br>vs.<br><br><br>**ABILITY RECOVERY SERVICES, LLC,**<br><br><br>Defendants. | **2:17-CV-13772-TGB-DRG**<br><br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES** |

Plaintiff brought this action against Ability Recovery Services, LLC seeking damages under the Fair Debt Collection Practices Act ("FDCPA") and two related state laws. She alleged that Defendant never responded to her communications disputing a reported debt. After successfully obtaining a default judgment and award against Defendant, she filed a Motion for Attorney Fees and Costs. ECF No. 27.

This case was reassigned to this Court from the Honorable Judge Arthur J. Tarnow on March 9, 2022. The Court has reviewed the materials submitted. For the reasons that follow, the Motion is **GRANTED** and Defendant is **ORDERED** to pay $8,178.45.

## I.  BACKGROUND

The Court relies on the factual summary of this case in Judge Tarnow's previous order granting a default judgment. ECF No. 26, PageID.66-67. In brief, Plaintiff is a former nursing student who applied for a student loan that was denied due to her credit score. When she checked her credit report, it listed a debt owed to Defendant, which she alleged severely impacted her credit score. When she attempted to dispute the charge, Defendant never responded. After an evidentiary hearing, Judge Tarnow ordered a default judgment against Defendant in the amount of $21,000, plus costs and attorney's fees upon submission of a timely motion with supporting documentation. *Id.* at PageID.70

Plaintiff's attorney timely submitted such a motion on August 27, 2021. ECF No. 27. It is accompanied by supporting documentation listing the hours worked on this case. ECF Nos. 27-2, 27-3.

## II.  STANDARD OF REVIEW

The Court must award reasonable fees to the prevailing party in an FDCPA action. 15 U.S.C. § 1692k(a)(3). A reasonable "fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Hadix v. Johnson,* 65 F.3d 532, 535 (6th Cir. 1995) (quoting *Blum v. Stenson,* 465 U.S. 886, 893 (1984)).

The actual award of fees is discretionary, and courts must determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In the Sixth Circuit, courts are instructed to use the lodestar

method to calculate a reasonable fee, which involves "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing *Hensley*, 461 U.S. at 433). "The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 435.

## III. ANALYSIS

The Court must provide a "concise but clear explanation of its reasons for the fee award." *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 628 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). After performing the initial lodestar calculation, the Court is permitted to modify the award upon consideration of relevant factors such as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Barnes v. City of Cincinnati*, 401 F.3d 729, 745-46 (6th Cir. 2005) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989)).

### i. Total hours expended

Plaintiff has submitted two logs of billing hours for this case, which include the hours worked for Attorney Carl Schwartz as well as several paralegals and administrative staff. ECF Nos. 27-2, 27-3. Though the total hour figure for Mr. Schwartz is not provided in the briefing or in the exhibits, the Court has calculated it to be 18.6 hours. All of that work is reasonably related to this case.

Some of the entries by paralegals and administrative staff appear to be for non-legal clerical work, which should not be included in awards made under fee-shifting statutes. *Tikan v. Asset Acceptance, LLC*, No. 13-12173, 2016 WL 1212641, at *4 (E.D. Mich. Feb. 12, 2016), report and recommendation adopted sub nom. *Inna Tikan & Nina Bodnar v. Asset Acceptance, LLC, et al.*, No. 13-12173, 2016 WL 1182771 (E.D. Mich. Mar. 28, 2016) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288, n.10 (1989)). The Court has identified 5.1 hours of work that are purely clerical and therefore will not be compensated. The remaining time logged by non-attorneys for work reasonably related to this case is 10.97 hours.

Therefore, having reviewed the billing entries, the Court will award fees for 18.6 hours of work expended by Mr. Schwartz, and 10.97 hours of work expended by paralegals.

### ii.     Reasonable hourly rate

To determine a reasonable hourly rate, courts generally look to the "prevailing market rate in the relevant community" for lawyers of similar skill and experience for the type of work at issue in the case. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 850 (6th Cir. 2013). In support of a requested hourly fee of $375/hr, Attorney Carl Schwartz states that he has been practicing in this area of 15 years, and is currently employed at a firm which specializes in this practice. His regular hourly rate is $375. ECF No. 27, PageID.78-80. He also cites from the Economics of Law Practice Survey[1] the mean and 75th percentile hourly rates for consumer law practitioners in Michigan of $336 and $435 per hour, respectively. *See* ECF No. 27-4. Upon review of relevant benchmarks from the Economics of Law Practice Survey, as well as other cases from this district, the Court finds the requested hourly rate reasonable. The hourly rate of $375 will therefore be used for the lodestar calculation.[2]

Regarding the paralegal hours, Plaintiff points the Court to a similar case from this district, where a rate of $160/hr was approved for paralegal work. *Greene v. Equifax Info. Servs., LLC,* No. 19-CV-11094,

---

[1] The State Bar of Michigan's Economics of Law Practice is a publication that courts in this district routinely use to determine the reasonableness of requested fees. *See* 2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report, https://perma.cc/MYA5-U44H.

[2] The motion also includes references to Mr. Gary Nitzkin's hourly rates, but upon review of the billing entries in this case, none of the work is attributable to Mr. Nitzkin.

2021 WL 5444768, at *2 (E.D. Mich. Mar. 15, 2021). But, based on Plaintiff's own billing logs, only some of its paralegals are paid at this rate, while others are paid at $140/hr. Billing rates of anywhere from $125/hr to $140/hr have also been approved in this district. *See Tikan*, 2016 WL 1212641 at *3 (collecting cases). The Court will therefore set a billing rate of $150/hr for paralegal work.

### iii. Lodestar calculation

The initial lodestar calculation of 18.6 hours times $375/hr plus 10.97 hours times $150/hr results in a potential fee award of $8,620.50.

In terms of whether the circumstances of the case or this petition support any increase or reduction in this award, the Court finds that a minor decrease is warranted, and so in its discretion will decrease the award by 10% to $7,758.45. The reason for this reduction is that Plaintiff's poorly drafted briefing required the Court to backwards engineer the components of the lodestar calculation. The Court expended considerable time and energy that was unnecessary on a matter that should have been a straightforward fee petition. Because Plaintiff's counsel neglected to tally exactly how many hours were expended on this matter and by whom, how he arrived at the requested fee award, and which hours billed involved compensable work, the Court had to unravel and reassemble the billing to make a fair determination.[3]

---

[3] The billing logs calculate the fees expended using a variety of hourly rates for paralegals and administrative staff (ranging from $110/hr to

Lastly, Plaintiff also asks for costs related to this matter: $400 for the filing fee and $20 for service of process. ECF No. 27, PageID.78. These costs will be granted, bringing the total award to $8,178.45.

## CONCLUSION

The Motion for Attorney Fees and Costs (ECF No. 27) is **GRANTED.** Defendant is **ORDERED** to pay $8,178.45.

**IT IS SO ORDERED** this 25th day of March, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

$160/hr), presumably based on their levels of expertise. But Plaintiff only asks for one standard hourly rate for paralegals. This means that the fee award requested by the Motion does not actually correspond to Plaintiff's suggestion that the Court use an hourly rate of $160/hr for paralegal work; it also means that the Court had to sort through all of the entries in both billing logs to count the number of attorney hours vs. paralegal hours expended and accurately perform the lodestar calculation.